UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEONARD KEEN, an
individual,

     Plaintiff,                              CASE NO.:

vs.

BOVIE MEDICAL CORPORATION,
a Delaware corporation,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFF, LEONARD KEEN (hereinafter "KEEN"), an individual, by and through his undersigned counsel, hereby files his Complaint and Demand for Jury Trial against Defendant, BOVIE MEDICAL CORPORATION, a Delaware corporation, (hereinafter "BOVIE") and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1.      This is an action for damages greater than $75,000.00, exclusive of any and all claims for prejudgment interest, court costs and attorneys' fees.  This Court has original jurisdiction based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as the parties are of different states.

2.      Venue is proper in this district because the acts that gave rise to this claim occurred and accrued in Pinellas County, within the Middle District of Florida.

3.      BOVIE is a Delaware corporation authorized to do business in the State of Florida and its principal place of business is located at 734 Walt Whitman Road,

Melville, New York 11747. See U.S. Securities and Exchange Commission Form 10-Q for Defendant, attached hereto as Exhibit "A" (excerpt of pp. 1-2).

4.      KEEN is a Florida resident residing in Clearwater, Pinellas County, Florida.

## FACTUAL ALLEGATIONS

5.      On or about March 2, 2010, KEEN accepted the position of Vice President and General Counsel for BOVIE.

6.      KEEN and BOVIE entered into an employment agreement as of March 2, 2010, attached hereto as Exhibit "B," whereby KEEN was an employee of BOVIE.

7.      As part of that employment agreement, KEEN was to receive a salary of no less than $150,000.00 annually for an initial period of three (3) years if he worked four business days a week or a salary of not less than $187,500.00 annually if he worked five (5) days a week. In addition, KEEN was to receive from BOVIE benefits, participate in a bonus program, be granted options on restricted shares of BOVIE, and annual increases in his base salary. See Exhibit "B," Sections 5, 6, 7 and 8. On or about April 10, 2010, KEEN started working five (5) days per week at which time his Base Salary was adjusted accordingly.

8.      In addition, KEEN was to receive an annual increase in base salary of 7.5% "subject to review and adjusted by the Board of Directors, but in any case comparable increases as received by the other members of executive management." See Exhibit "B," Section 5.

2

9.     The employment agreement also set out that KEEN was to provide professional services not only as general legal counsel but also Vice-President. <u>See</u> Exhibit "B," Section 2. The employment agreement allowed additional duties to be reasonably assigned but did not allow for the reduction or elimination of duties.

10.    As part of this employment agreement, the parties contracted for compensation and other obligations upon the conclusion of the employment relationship.

11.    Specifically, BOVIE agreed that if it terminated KEEN's employment without cause, BOVIE would pay a lump sum severance equal to three (3) times the compensation and benefits set forth in Section 5 (COMPENSATION), Section 6 (VACATION/SICK), Section 7 (REIMBURSEMENT OF BUSINESS EXPENSES), and Section 8 (ADDITIONAL BENEFITS) <u>See</u> Exhibit "B," Section 11 (d).

12.    In addition, BOVIE agreed to a "full and complete accelerated vesting of all remaining unvested options (if any) upon the occurrence of a …Termination Without Cause…" <u>See</u> Exhibit "B," Section 5. KEEN had 110,000 stock options issued to him by BOVIE.

13.    Further, BOVIE agreed to:

> defend, indemnify and hold harmless [KEEN] from and against any and all liability, demands, claims, allegations, costs, losses, damages, judgments, recovery and expenses (including interest, penalties, attorneys' fees and costs, accounting fees, court costs and expert witness fees[)], directly or indirectly arising from or in connection with his employment with the Company.

<u>See</u> Exhibit "A," Section 14. Moreover, BOVIE agreed to obtain and maintain "adequate and sufficient liability insurance" including specific coverage for

KEEN and to name him as an additional named inured during his employment and for a period of five (5) years thereafter. See Exhibit "B," Section 14.

14.     The term of the employment agreement was to be an initial three (3) years, i.e., from March 2, 2010 through March 2, 2013. See Exhibit "B," Section 3.

15.     During his employment, KEEN's job duties were reduced or eliminated. Specifically, BOVIE systematically reduced KEEN's scope of duties to purely legal matters, and even then only a subset of what he had been performing prior to such reductions. KEEN was also excluded from executive and Board of Directors meetings.

16.     KEEN timely requested his first annual base salary increase but did not receive such contractual increase despite another executive receiving a similar increase.

17.     Despite the three (3) year employment agreement, KEEN was terminated without cause from his position on December 9, 2011.

18.     BOVIE failed to comply with the notices period agreed to by the parties for a termination. See Exhibit "B," Section 11(c) and (d). KEEN nevertheless complied with and satisfied or met all conditions precedent.

## COUNT I - BREACH OF CONTRACT

19.     The Plaintiff hereby incorporates and realleges paragraphs 1 through 18 as if fully set forth herein.

20.     Pursuant to the attached written employment agreement, BOVIE should have paid KEEN a lump sum severance equal to three (3) times his compensation and benefits found in Sections 5 through 8 of the employment agreement. BOVIE should have also accelerated the vesting of and issued the 110,000 stock options to KEEN.

21.   BOVIE breached the employment agreement by failing to pay KEEN's lump sum severance following his termination without cause on December 9, 2011.

22.   BOVIE breached the employment agreement by reducing and/or eliminating KEEN's material job duties.

23.   BOVIE breached the employment agreement by failing to provide KEEN the first annual increase in his base salary.

24.   BOVIE breached the employment agreement by failing to accelerate the vesting and issuing the subject 110,000 stock options.

25.   KEEN has fulfilled all conditions precedent to bringing an action pursuant to this employment agreement.

26.   BOVIE's breach of the employment agreement has caused injury to KEEN who has not been rightfully paid his compensation and benefits under the employment agreement.

27.   KEEN has been damaged by BOVIE's failure to pay him pursuant to the parties' employment agreement.

28.   KEEN has retained the services of the undersigned counsel to assist in the prosecution of this matter and is entitled to recovery of his reasonable attorneys' fees and court costs pursuant to Fla. Stat. § 448.08, and the employment agreement. See Exhibit "B," Section 18.

WHEREFORE, Plaintiff, LEONARD KEEN, respectfully requests this Court to enter judgment against Defendant, BOVIE MEDICAL CORPORATION, for breach of a written contract including unpaid wages in the form of unpaid lump sum severance as

defined by the employment agreement, for an order requiring Defendant to accelerate the full vesting and issuing of the 110,000 stock options to KEEN, to award reasonable attorneys' fees and costs pursuant to the employment agreement and § 448.08, Florida Statutes plus award all pre-judgment interest authorized by law, costs of bringing this action and any and all other relief this Court deems just and proper.

## COUNT II - BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

29.     Plaintiff hereby incorporates and realleges paragraphs 1 through 18 as if fully set forth herein.

30.     KEEN and BOVIE entered into an employment agreement as of March 2, 2010.

31.     KEEN performed all, or substantially all of the material terms that the agreement required KEEN to do, or KEEN was excused from having to perform such requirements.

32.     All conditions required for BOVIE's performance have occurred.

33.     BOVIE unfairly interfered with KEEN's right to receive the benefits of the agreement.

34.     KEEN was harmed by BOVIE's conduct.

WHEREFORE, Plaintiff, LEONARD KEEN respectfully requests this Court to enter judgment against Defendant, BOVIE MEDICAL CORPORATION, and prays for lost wages and benefits, both past and present, compensatory damages, attorneys' fees and costs and expenses pursuant to § 448.104, Florida Statutes, and any and all other relief this Court deems just and proper.

6

## COUNT III - UNPAID WAGES

35.     Plaintiff hereby incorporates and realleges paragraphs 1 through 18 as if fully set forth herein.

36.     BOVIE failed to pay KEEN's lump sum severance following BOVIE's termination without cause of KEEN's employment on December 9, 2011.

37.     Accordingly, KEEN is owed accrued wages that have not been paid by BOVIE.

38.     As a direct and proximate cause of BOVIE's failure to pay KEEN his earned wages, KEEN has been damaged.

39.     KEEN has retained the services of the undersigned counsel to assist in the prosecution of this matter and entitled to recovery of reasonable attorneys' fees and court costs pursuant to Fla. Stat. § 448.08 and the employment agreement.

WHEREFORE, Plaintiff, LEONARD KEEN, respectfully requests this Court to enter judgment against the Defendant, BOVIE MEDICAL CORPORATION, for unpaid wages, attorneys' fees pursuant to § 448.08, Florida Statutes, plus all prejudgment interest authorized by law, costs of bringing this action and any and all other relief this Court deems just and proper.

## COUNT IV - VIOLATION OF FLORIDA'S "WHISTLE BLOWER'S ACT"

40.     Plaintiff hereby incorporates and realleges paragraphs 1 through 18 as if fully set forth herein.

41.     Pursuant to Section 448.102, Florida Statutes, KEEN engaged in statutorily protected expression when he opposed and objected to his employer's

activities, policies, and practices which he believed to be in contravention of California law and federal regulations.

42.     In 2011, KEEN objected in writing and orally to BOVIE's executives and managers that BOVIE was not in compliance with the California Health and Safety Code § 25249.5 et seq. Under this law, inter alia, BOVIE was required to compare compounds and materials of each of its products resold through distribution with a list of toxic and/or carcinogenic material identified in the applicable law and provide clear and reasonable warning to anyone who may be exposed to such material.

43.     Plaintiff specifically objected to BOVIE's failure to satisfy the law and warned BOVIE executives of the need to comply with the law via email on or about July 7, 2011, and November 21, 2011. In addition, Plaintiff orally objected to executives and management during meetings in the fall of 2011.

44.     Similarly, Plaintiff orally objected to its contractual agreements with its key distribution customers in which BOVIE was to provide "incentives." Plaintiff counseled BOVIE that such "incentives" violated federal law, specifically 42 U.S.C. § 1320a - 7b(b) of the Social Security Act.

45.     Upon the exercise of his statutorily protected objections, Defendant retaliated against Plaintiff by terminating his employment on December 9, 2011.

46.     Defendant's termination/discharge of Plaintiff occurred within close temporal proximity to his email correspondence containing his statutorily protected expression.

47.     Plaintiff has retained the undersigned to represent him in this cause and is entitled to attorney's fees, court costs, and expenses pursuant to § 448.104, Florida Statutes.

48.     Furthermore, as a result of Defendant's retaliatory personnel action taken against Plaintiff, accomplished via the discharge of Plaintiff's employment, and in accordance with § 448.103(d)-(e), Florida Statutes, Plaintiff is entitled to compensation for lost wages, benefits and other remuneration, and any other compensatory damages allowable at law.

WHEREFORE, Plaintiff, LEONARD KEEN, demands judgment against the Defendant, BOVIE MEDICAL CORPORATION and prays for lost wages and benefits, both past and present, compensatory damages, attorneys' fees and costs and expenses pursuant to § 448.104, Florida Statutes, and any and all other relief this Court deems just and proper.

## COUNT V - BREACH OF AGREEMENT (SPECIFIC PERFORMANCE)

49.     Plaintiff hereby incorporates and realleges paragraphs 1 through 18 as if fully set forth herein.

50.     Pursuant to the employment agreement, BOVIE is to defend, to indemnify him, and to hold harmless KEEN against any claims and damages "arising from or in connection with his employment" with BOVIE. See Exhibit "B," Section 14.

51.     KEEN has been named as a party defendant in the Arbit v. Makrides case, Case No.: 8:11-cv-02020-JSM-TBM, U.S. District Court, Middle District of Florida. This case arose from or in connection with KEEN's employment with BOVIE.

52.     BOVIE has not defended or indemnified KEEN in connection with this litigation.

53.     Under the employment agreement, BOVIE is also to maintain, sufficient liability insurance including but not limited to Error & Omissions and Directors & Officers coverage and specifically to include KEEN as an additionally named insured thereunder. This coverage is to be provided both during KEEN's employment and for a period of not less than five (5) years thereafter. See Exhibit "B," Section 14.

54.     Defendant, upon information and belief, has no intention of maintaining sufficient and adequate insurance with KEEN named as an additional insured.

55.     KEEN has performed all of the conditions of the employment agreement that are required to be performed by him.

56.     KEEN has no adequate remedy at law unless Defendant specifically performs in conformance with its employment agreement.

WHEREFORE, Plaintiff, LEONARD KEEN, respectfully requests this Court enter judgment in his favor and against Defendant, BOVIE MEDICAL CORPORATION, and requests this Court enter judgment ordering Defendant to provide adequate and sufficient insurance and to name KEEN as an additional insured for a period of five (5) years from the date of his termination, and to enter judgment ordering Defendant to defend, indemnify and hold KEEN harmless in regards to the pending litigation styled Arbit v. Makrides, Case No.: 8:11-cv-02020-JSM-TBM, U.S. District Court, Middle District of Florida, including attorneys' fees and costs of separate defense counsel and any other relief this Court deems just and necessary.

## COUNT VI - CONTRACTUAL INDEMNIFICATION

57.     Plaintiff hereby incorporates and realleges paragraphs 1 through 18 as if fully set forth herein.

58.     KEEN has been named a party Defendant in the <u>Arbit v. Makrides</u>, Case No.: 8:11-cv-02020-JSM-TBM, which is being litigated before the Tampa Division of the U.S. District Court, Middle District of Florida.

59.     Pursuant to the employment agreement between KEEN and BOVIE, BOVIE is to indemnify KEEN, in part, for any claims, damages, expenses including attorneys' fees and costs. <u>See</u> Exhibit "B," Section 14.

60.     The claims against KEEN in the <u>Arbit v. Makrides</u> case are claims for which indemnification is to be provided to KEEN by BOVIE.

61.     KEEN is entitled to contractual indemnity from BOVIE for all damages that he may be found liable as well as for all attorneys' fees and costs incurred by KEEN in defending himself in the <u>Arbit v. Makrides</u> case.

62.     KEEN has incurred attorneys' fees and costs in defending himself in the <u>Arbit v. Makrides</u> case.

WHEREFORE, Plaintiff, LEONARD KEEN, respectfully requests this Court enter judgment in his favor and against Defendant, BOVIE MEDICAL CORPORATION, and to award Plaintiff for all damages found against him in the <u>Arbit v. Makrides</u> litigation, Case No.: 8:11-cv-02020-JSM-TBM, as well as attorneys' fees and costs

incurred in the defense of that action, as well as the attorneys' fees and costs incurred in litigation this instant action pursuant to the terms of the subject employment agreement.

## DEMAND FOR JURY TRIAL

The Plaintiff, LEONARD KEEN, demands trial by jury on all issues.

DATED this __10__ day of February 2012.

JOHN E. FISHER, ESQUIRE
Florida Bar No. 0019677
RICHARD W. SMITH, ESQUIRE
Florida Bar No. 0013943
Fisher, Rushmer, Werrenrath,
Dickson, Talley & Dunlap, P.A.
390 North Orange Avenue, Suite 2200
Orlando, Florida 32801
Telephone:     (407) 843-2111
Facsimile:     (407) 422-1080
Attorneys for Plaintiff

L:\RWS\Keen\PLEADING\Complaint.doc