UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEONARD KEEN,

    Plaintiff,

v.                                                                 Case No. 8:12-cv-305-T-24 EAJ

BOVIE MEDICAL CORPORATION,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion for Reconsideration. (Doc. No. 35). The motion relates to the Court's July 3, 2012 order granting Plaintiff leave to amend the complaint. (Doc. No. 33). Plaintiff opposes Defendant's motion. (Doc. No. 36). As explained below, Defendant's motion is denied.

**I. Background**

Plaintiff filed suit against Defendant and alleged that this Court has diversity subject matter jurisdiction. (Doc. No. 1). Specifically, Plaintiff alleged that he is a citizen of Florida and that Defendant is a Delaware corporation with its principal place of business in New York. (Doc. No. 1).

On March 16, 2012, the Court granted Defendant's motion to extend time to respond to the complaint until April 20, 2012. (Doc. No. 9). Defendant did not timely file a response to the complaint. On April 27, 2012, Defendant filed an answer, affirmative defenses, and counterclaims. (Doc. No. 14). In one of its counterclaims, Defendant made the bare allegation that this Court lacks diversity jurisdiction. (Doc. No. 14). The Court disregarded Defendant's

allegation of lack of subject matter jurisdiction given that: (1) Plaintiff alleged that complete diversity existed in his complaint, and (2) Defendant failed to explain why complete diversity did not exist. The proper procedure for Defendant to have followed would have been to move to dismiss the complaint for lack of subject matter jurisdiction and explain why jurisdiction did not exist.

Thereafter, Plaintiff moved to dismiss several of Defendant's counterclaims. On June 11, 2012, in response to Plaintiff's motion, Defendant finally explained why it believed that complete diversity was lacking. (Doc. No. 28). Specifically, Defendant stated that its principal place of business is in Florida, and as such, complete diversity does not exist. (Doc. No. 28). In response, on June 12, 2012, the Court issued an order directing the parties to brief the issue of whether this Court had jurisdiction. (Doc. No. 29).

Prior to Defendant's response to Plaintiff's motion to dismiss Defendant's counterclaims (in which Defendant finally explained why it believed that this Court lacked subject matter jurisdiction), Plaintiff filed an <u>unopposed</u> motion to extend the deadline to amend the complaint until June 18, 2012, which the Court granted. (Doc. No. 26, 27). On June 15, 2012, Plaintiff filed his motion to amend the complaint to add a party and to add an ERISA claim. (Doc. No. 30). Defendant's response to the motion was due on July 2, 2012. When Defendant failed to timely file a response to the motion to amend, the Court deemed the motion to be unopposed and granted it. (Doc. No. 33). Thereafter, Plaintiff filed his amended complaint, which contains an ERISA claim. (Doc. No. 34).

## II.  Motion for Reconsideration

Defendant moves this Court to reconsider its order allowing Plaintiff to amend his

complaint. In its motion, Defendant argues that its failure to respond to the motion to amend was due to a miscalculation of the response date. Furthermore, Defendant argues that had it responded and the Court considered its response, the Court would conclude that Plaintiff's proposed ERISA claim was deficient, that amendment would be futile, and that the Court lacked subject matter jurisdiction.

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. See Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. See id. (citations omitted). Upon review, the Court finds that reconsideration is not warranted.

The Court has already allowed amendment, and the amended complaint contains an ERISA claim that provides the Court with federal question jurisdiction. See McGlathery v. Corizon, Inc., 2012 WL 1080789, at *1 n.* (M.D. Ala. Mar. 30, 2012)(stating that while there was a question regarding whether there was diversity jurisdiction under the original complaint, the amended complaint provided the court with federal question jurisdiction); Cotton v. Massachusetts Mutual Life Ins. Co., 402 F.3d 1267, 1280 n.13 (11th Cir. 2005)(stating that because the amended complaint contained ERISA claims, the court had subject matter jurisdiction even though jurisdiction may have been lacking under the original complaint). As such, jurisdiction is not lacking. Furthermore, to the extent that Defendant believes that the ERISA claim is deficient, it may file a motion to dismiss.

The Court allowed amendment in this case because the Court deemed the motion to

amend to be unopposed due to Defendant's failure to file a timely response.  This is not the first time that Defendant has failed to timely file a document, as Defendant failed to file its response to the complaint by April 20, 2012, as directed by the Court.  Furthermore, had Defendant filed a motion to dismiss for lack of subject matter jurisdiction on April 20, 2012 in response to the complaint, perhaps the posture of this case would be different.  The Court will not reward Defendant's failure to timely respond to the motion to amend or Defendant's delay in raising the jurisdictional issue by reconsidering its prior ruling allowing amendment.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion for Reconsideration (Doc. No. 35) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of July, 2012.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record