**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LEONARD KEEN,

    Plaintiff,

v.                                                                         Case No. 8:12-cv-305-T-24-EAJ

BOVIE MEDICAL CORPORATION and
ANDREW MAKRIDES,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Defendant Bovie Medical Corporation's ("Bovie") Motion for Sanctions Against Plaintiff for Deliberate Spoliation of Evidence and Order of Preclusion. [Doc. 146]. Plaintiff Leonard Keen ("Keen") opposes. [Doc. 152].

**I.   BACKGROUND**

Prior to his employment with Bovie, Keen owned a Dell laptop, which Bovie later bought for Keen's continued used during his employment with Bovie, [Doc. 93, Ex. G – Keen Tr. 167-68; Doc. 106 at 10, Ex. CC]. After Bovie terminated Keen in December 2011, Keen asked for time to prepare the laptop before returning it to Bovie. [Doc. 106 at 8, Ex. Z]. Bovie allowed Keen thirty days to remove personal information from the laptop. [*Id*., Ex. AA].

During that time, Keen first deleted some data—which he contends is personal data—from the laptop hard drive. [Doc. 90 at 4, ¶ 12; Doc. 93, Ex. G - Keen Tr. 181:5-6, 190:12-13]. He also copied other data—which he contends is Bovie-related data—from the laptop hard drive to a separate, external hard drive. [*Id*.]. He then wiped clean any and all data from the laptop

hard drive by using a "special program" that "writes . . . a binary number zero to every single sector on the drive." [Doc. 93, Ex. G - Keen Tr. 178:9-20].

In January 2012, Keen returned the laptop—but not the separate external hard drive—to Bovie. [*Id*. at 172:11-13]. The external hard drive was given to Keen's attorney for purposes of this litigation, [*Id*. at 180], and later produced during discovery. [Doc. 146, Ex. 4]. Bovie employed a forensic and data recovery examiner, who examined the laptop, the external hard drive, and two desktop computers used by Keen during his employment at Bovie. [*Id*.]. The examiner reported that data from the laptop was unrecoverable, the external hard drive contained Bovie files and data, and data from the desktop computers was recoverable. [*Id*.].

In its present motion, Bovie contends that the data on the laptop hard drive is not recoverable and constitutes a spoliation of evidence warranting the following sanctions: (1) an adverse inference jury instruction that the data from Keen's laptop was damaging to Keen's, and favorable to Bovie's, claims and defenses; (2) an order precluding Keen from testifying as to the contents of the laptop prior to running the deletion program; and (3) an order precluding Keen from testifying as to the damages suffered by Bovie as a result of his deletion of data from the laptop.

## II.    STANDARD

Spoliation is the intentional destruction, alteration, or concealment of evidence. *See Optowave Co. v. Nikitin,* 2006 WL 3231422, at *7 (M.D. Fla. Nov. 7, 2006). In a diversity action such as this case, federal law governs the imposition of sanctions for spoliation of evidence. *Flury v. Daimler Chrysler Corp.,* 427 F.3d 939, 944 (11th Cir. 2005). Federal guidance regarding spoliation is minimal in this circuit; however, the Court may look to state law for guidance to the extent it is consistent with federal law. *Id.* In Florida, spoliation requires

establishing that: (1) the missing evidence existed at one time; (2) the alleged spoliator had a duty to preserve the evidence; and (3) the evidence was crucial to the movant being able to prove its *prima facie* case or defense. *See Golden Yachts, Inc. v. Hall,* 920 So. 2d 777, 781 (Fla. 4th DCA 2006). The Court has broad discretion when determining a remedy for spoliation, which is assessed on a case-by-case basis. *See Optowave,* 2006 WL 3231422, at *1 (citing *Chambers,* 501 U.S. 32, 111 S.Ct. 2123 (1991)). However, under federal law, an adverse inference is an available sanction for spoliation only if the Court finds the "absence of that evidence is predicated on bad faith." *Bashir v. Amtrak,* 119 F.3d 929, 931 (11th Cir. 1997).

## III.   DISCUSSION

Bovie contends Keen's wiping of the laptop hard drive proves bad faith and therefore sanctions, including an adverse inference jury instruction, are proper. However, before the Court can determine bad faith and proper sanctions, the Court must first determine whether Bovie has established spoliation of evidence. *Optowave,* 2006 WL 3231422, at *8.

### A.   Duty to Preserve

Bovie contends that Keen anticipated this litigation at the time he ran the deletion software and thus owed a duty to preserve the data on the laptop hard drive. Keen concedes that he had a duty to preserve this data. [Doc. 152 at 4].

### B.   Missing Evidence

Bovie has not established that evidence existed at one time and is now missing. Bovie states that Keen "likely conducted research to learn how to create a pretextual claim under the Whistleblower laws," and that:

> The laptop likely contained vital electronic records (including metadata) concerning the preparation of his employment agreement, Keen's broken relationships with other Bovie executives, additional research trails of claims to assert against Bovie, evidence that Keen was secretly monitoring communications among Bovie executives, and other information damaging to Keen.

3

[Doc. 146 at 2, 6]. While it may be true that Keen's decision to wipe the laptop hard-drive is suspicious and, as a result, Bovie does not know the full extent of information that was on it, Bovie still has not identified any missing evidence. Regarding the drafts of Keen's employment agreement, the parties' summary judgment motion attaches several drafts of the agreement that were exchanged between the parties and emails discussing those drafts. Bovie does not describe what drafts may have existed but are now missing. Similarly, although it surmises that the laptop likely contained various electronic records and research trails, Bovie does not assert that these items ever existed at one time and have not been discovered. *See, e.g., Lockheed Martin Corp., v. L-3 Comm. Corp.*, 2007 WL 3171299, at *2 (M.D. Fla. Oct. 25, 2007) (where movant did not assert that emails had not been produced, movant failed to establish missing evidence).

      **C.**    **Crucial Evidence**

Even if Bovie could establish that evidence is missing, it has not established the third element of spoliation—that the missing evidence is <u>crucial</u> to prove Bovie's *prima facie* case for its remaining counterclaims or defenses to Keen's claims. For example, Keen's alleged research regarding his whistleblower claim could not be crucial to Bovie's defenses because Keen's whistleblower claim is no longer at issue. As for evidence of broken relationships and alleged secret monitoring, it is unclear how such evidence could be relevant, let alone crucial, to this claims proceeding to trial. Further, while drafts of Keen's employment agreement may be relevant to Bovie's claims, Bovie fails to explain how they are crucial. *See, e.g., Floeter v. City of Orlando*, 2007 WL 486633, at *6 (M.D. Fla. Feb. 9, 2007) ("While [missing] e-mails may be relevant to [plaintiff]'s case, they are not crucial."). Bovie simply contends, but fails to explain, why "[i]t is undeniable that the laptop contained information material and necessary to the prosecution and defense of this case." [Doc. 146 at 6].

Further, "evidence is not crucial if it is available from an alternate source or if the claim or defense to which it relates is adequately supported by alternate evidence." *King v. DSE, Inc*., 2013 WL 610531, at *8 (M.D. Fla. Jan. 17, 2013). Bovie's own motion shows it has discovered various research trails, and the record includes drafts of Keen's employment agreement as well as emails and deposition testimony regarding Keen's broken relationships. Bovie fails to establish that any missing evidence is unavailable from a different source or that its claims or defenses cannot be adequately supported by different evidence.

Ultimately, Bovie seems to argue that the Court should conclude that deleted data would be crucial to its case because Keen deemed it to be so damaging that he destroyed it. This "falls short of establishing that the evidence is crucial to [its] case." *Kimbrough v. City of Cocoa*, 2006 WL 3500873, at *3 (M.D. Fla. Dec. 4, 2006). Bovie's motion for sanctions is therefore denied.

However, Bovie is not precluded from presenting evidence of Keen's wiping of the laptop hard drive or arguing as part of its closing argument that adverse inferences should be drawn from his conduct. *See Sharp v. City of Palatka*, 2008 WL 89762, at *3 (M.D. Fla. Jan. 7, 2008) (denying the plaintiff's pre-trial motion for adverse inference but noting that the plaintiff "is free to elicit testimony concerning the alleged [missing] recording at trial"); *Kimbrough v. City of Cocoa*, 2006 WL 3500873, at *6 (M.D. Fla. Dec. 4, 2006) ("Courts have found that loss of evidence may be relevant and admissible for the jury's consideration, and that adverse inferences arising from the destruction of documents can be argued by counsel in closing.") (citing *Jordan ex rel. Shealey v. Masters,* 821 So. 2d 342 (Fla. 4th DCA 2002) and *Martino v. Wal-Mart Stores, Inc.,* 835 So. 2d 1251 (Fla. 4th DCA 2003)).

## IV.     CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendant's Motion for Sanctions Against Plaintiff for Deliberate Spoliation of Evidence and Order of Preclusion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of July, 2013.

                                                   */s/ Susan C. Bucklew*
                                                   SUSAN C. BUCKLEW
                                                   United States District Judge

Copies To: Counsel of Record