UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEONARD KEEN,

Plaintiff,

v.                                                    Case No. 8:12-cv-305-T-24-EAJ

BOVIE MEDICAL CORPORATION and
ANDREW MAKRIDES,

Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiff Leonard Keen's ("Keen") Motion in Limine. [Doc. 148]. Defendant Bovie Medical Corporation ("Bovie") opposes. [Doc. 153].

    **A.**    **Termination Without Cause**

Keen requests the Court exclude any evidence relating to Bovie's justifications or reasons for terminating him or otherwise relating to whether Keen was terminated for cause. Keen contends Bovie's reasons for terminating him are irrelevant because the Court granted summary judgment on Keen's retaliatory discharge claims and determined that Keen's termination was a "termination without cause" under the employment agreement. Alternatively, Keen contends such evidence would prejudice Keen. Keen provides a non-exhaustive list of evidence to be excluded (*e.g.,* any perceived insubordination by Keen, rancor between Keen and Bovie board members, complaints about Keen's absences from work).

Bovie responds that Keen's list includes evidence relating to issues alleged in Keen's complaint and therefore is relevant. Further, Bovie contends that this request seeks to preclude evidence of any events occurring during Keen's employment (March 2010 through December

2011). Bovie contends Keen's trial exhibits reflect documents dated during this period and, thus, Bovie should be allowed to present rebuttal evidence.

While the Court agrees with Keen—that whether Bovie had cause to terminate Keen is irrelevant in light of the Court's determination that Keen was terminated without cause under the employment agreement—the Court lacks sufficient information to address the scope of Keen's request. The Court prefers to address the admissibility of any such evidence at trial, at which time Keen may re-raise his objections as to specific evidence. Keen's motion is therefore **DENIED WITHOUT PREJUDICE**.

### B. Severance provision as a violation of Florida's public policy

Keen requests the Court exclude any evidence or argument relating to whether the employment agreement's severance provision violates Florida's public policy. Keen contends this is irrelevant, because the Court rejected Bovie's argument that the provision renders the employment agreement void as contrary to public policy. Bovie concedes it will abide by the Court's decision on the parties' summary judgment motions. Keen's motion is therefore **GRANTED** in that evidence relating to the employment agreement's severance provision as being contrary to Florida's public policy is excluded.

### C. Computer and laptop authorization

Keen requests the Court exclude any reference to Sections 1030(a)(5)(B) and (C) of the CFAA and any evidence relating to whether "Keen did not have authorization to access" Bovie's computer systems or the laptop. Keen contends such references and evidence would be irrelevant, because Sections 1030(a)(5)(B) and (C) are no longer at issue in this case. Bovie responds that Keen's proposed category of evidence may potentially include evidence that is relevant to Bovie's breach of fiduciary duty and conversion counterclaims.

Given that Keen does not describe what specific evidence he seeks to exclude, the Court lacks sufficient information to address his request. Keen may object to specific evidence at trial. Keen's motion is therefore **DENIED WITHOUT PREJUDICE**.

### D. Conditions Precedent

Keen requests the Court exclude evidence and argument regarding Keen's failure to satisfy conditions precedent under the employment agreement. Bovie concedes that it will abide by the Court's decision on the parties' summary judgment motions. Keen's motion is therefore **GRANTED**.

### E. Non-renewal Notice Clause

Keen requests the Court exclude any evidence, reference, or argument regarding the "one-year-and-one-day notice of non-renewal clause" in the employment agreement, because the Court's summary judgment order noted Bovie abandoned its argument that the one-year-and-one-day notice clause was a basis for declaring the agreement void. [*See* Doc. 136 at 26 n.2]. Bovie responds it should not be precluded from referencing this clause, which is relevant to its breach of fiduciary duty and fraudulent inducement claims. The Court agrees with Bovie. Keen's motion is therefore **DENIED** to the extent he seeks to exclude any reference to the one-year-and-one-day notice clause.

However, Bovie's response also asserts that "[Keen]'s motion is based on the fallacy that Bovie has abandoned its argument that the one-year-and-one-day notice of non-renewal in plaintiff's employment agreement violates public policy" and that "Bovie has not abandoned any argument." [Doc. 153 at 9]. The Court is uncertain what Bovie means; however, to the extent Bovie believes it may still argue that the one-year-and-one-day notice provision is a basis for declaring the employment agreement void as contrary to public policy, it cannot.

### F. Employee Handbooks

Keen requests the Court exclude Bovie's March 1998 and November 2011 handbooks. Keen contends both handbooks are irrelevant because Bovie cannot prove that he received either one while he was an employee. Specifically, Keen asserts that a signed acknowledgement receipt shows he did not receive the 2011 handbook until his termination date. As for the 1998 handbook, Keen states that Bovie failed to produce a signed acknowledgement receipt.[1] Bovie responds that these handbooks reflect its policies regarding company-owned computers, such as requiring employees to keep copies of company data on Bovie's file server, which is relevant to its counterclaims regarding Keen's wiping of the laptop hard drive.

The Court agrees that such company policies reflected in these handbooks may be relevant to Bovie's claims. Whether or not Keen received these handbooks is a factual dispute but does not change their relevance. Keen's motion is therefore **DENIED**.

### G. Human Resources File

Keen requests the Court exclude documents from Keen's human resource file, which Keen describes as self-serving documents secretly created by Bovie in an attempt to justify terminating him. Keen contends his human resource file is irrelevant and prejudicial because his retaliatory discharge claims are no longer at issue and the Court determined that his termination was without cause under the employment agreement. Bovie responds that Keen fails to identify what documents he seeks to exclude. While the Court agrees with Keen that Bovie's reasons for terminating Keen are irrelevant given the Court's finding that his termination was without cause

---

[1] Keen notes that he filed a motion for sanctions based in part on Bovie's failure to produce this signed acknowledgement receipt in response to Keen's request for production no. 32. [Doc. 147]. Judge Jenkins' order states that Bovie claims to be continuing its search for responsive documents. [Doc. 160]. If Bovie finds the acknowledgement receipt at the eleventh hour and seeks to introduce it at trial, the Court may decide at that time whether exclusion of the receipt is warranted.

under the employment agreement, there may be documents in the human resources file relating to other claims. The Court lacks sufficient information to address Keen's request.

Alternatively, Keen contends the human resource documents contain impermissible hearsay, such as the human resource coordinator's notes regarding third-party perceptions of Keen. However, without knowing the document, the alleged statement, and the purpose for offering that statement, the Court lacks sufficient information to determine whether the documents are inadmissible hearsay.

The Court prefers to address the admissibility of these documents at trial, at which time Keen may re-raise his objections. Keen's motion is therefore **DENIED WITHOUT PREJUDICE**.

      **H.**     **Florida Bar Rules of Professional Conduct / Alleged Ethics Violations**

Keen requests the Court prohibit Bovie from "relying upon or referring to Florida Bar Rules of Professional Conduct." [Doc. 146 at ¶ 31]. Keen also requests Bovie be precluded from "any argument, which asserts that Rules Regulating The Florida Bar establishing requirement for conduct give rise to a private cause of action against a Florida lawyer." [*Id*. at ¶ 32]. Bovie responds that this request should be denied, because the parties' pre-trial statement provides that Keen's expert witness will testify to these rules. [Doc. 153 at 13]. Further, Bovie argues that these rules are relevant to demonstrate the standards by which an attorney's conduct may be evaluated. The Court agrees with Bovie. Keen's motion is therefore **DENIED**.

      **I.**     **Litigation history**

Keen requests the Court exclude his litigation history, because evidence of his litigiousness is irrelevant and prejudicial. Bovie responds that it seeks to introduce evidence that, at the time Keen began his employment, he told Bovie he could not fly until the completion of

5

his then-pending personal injury lawsuit (to which Bovie was not a party) in which he alleged that he had sustained injuries preventing him from flying. Bovie contends this litigation history is not evidence showing Keen's propensity to sue; rather it is permissible Rule 404(b) prior acts evidence showing Keen's intent, preparation, plan, and motive to fabricate damages in litigation. Bovie contends this is relevant to Keen's mitigation of damages following his termination.

Bovie's arguments fail for two reasons.[2] First, as described, Bovie seeks to show that because Keen fabricated damages (*i.e.,* his inability to fly) in a prior personal injury case, he is also fabricating damages in this case. On its face, the prior personal injury case does not relate to intent, plan, preparation, motive, or any other permitted uses under Rule 404(b)(2). It is propensity evidence that is prohibited under Rule 404(b)(1). Second, the evidence is irrelevant to Keen's contractual damages because the employment agreement provides that Keen has no duty to mitigate damages.

Keen's motion is therefore **GRANTED** to the extent he seeks to exclude evidence of his prior personal injury case or other prior litigation history.

### J. Unemployment Compensation

Keen requests the Court exclude evidence regarding Keen's unemployment compensation. Keen contends such evidence is prejudicial and is irrelevant because Keen's employment agreement negates any duty to mitigate his damages. Bovie responds that such evidence relates to Keen's mitigation of damages following his termination, which is relevant because: (1) Keen's damages must be mitigated by the amount of unemployment benefits received, and (2) the failure to mitigate damages is relevant to whether Keen is entitled to prejudgment interest on those damages.

---

[2] Further, to the extent this proposed evidence overlaps with Bovie's request to amend its trial exhibits to add Steven Livneh as a witness, the Court has already denied it as irrelevant. [Doc. 159].

As discussed above, Keen's mitigation of damages following his termination is not required under the employment agreement.  By seeking to introduce evidence of Keen's unemployment compensation to mitigate damages, Bovie disregards without explanation the express terms of the employment agreement.  While Bovie contends that failing to reduce Keen's damages by the amount of unemployment compensation would "permit[] duplicative recovery" and "result in an unfair windfall," [Doc. 153 at 17], Bovie signed a contract relieving Keen of his duty to mitigate damages following termination.  As for Bovie's contention that Keen's failure to mitigate is an equitable consideration relevant to determining Keen's entitlement to prejudgment interest, Bovie provides no cases showing that a contract may be disregarded when determining prejudgment interest.

Keen's motion is therefore **GRANTED** to the extent he seeks to exclude evidence of his unemployment compensation to show mitigation of damages.

### K.    Psychological, psychiatric, or medical evidence or opinion

Keen requests the Court exclude medical evidence or opinion regarding Keen.  Keen contends such evidence is irrelevant and prejudicial, because there are no claims from which Keen can recover damages for emotional distress or loss of enjoyment of life.  Bovie states that it does not intend on introducing any such evidence.  Keen's motion is therefore **GRANTED**.

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion in Limine [Doc. 148] is **GRANTED IN PART AND DENIED IN PART** as provided above.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of July, 2013.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record