**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LEONARD KEEN,

        Plaintiff,

v.                                          Case No. 8:12-cv-305-T-24-EAJ

BOVIE MEDICAL CORPORATION,

        Defendant.

_____/

## ORDER

This cause comes before the Court on Defendant Bovie Medical Corporation's Motion for Attorneys' Fees (Dkt. 205), which Plaintiff Leonard Keen opposes (Dkt. 211). Also before the Court is Keen's Motion for Attorneys' Fees. (Dkt. 206.) Bovie filed an opposition in response (Dkt. 216), and Keen filed a reply (Dkt. 222). As explained below, Bovie's motion is denied and Keen's motion is granted in part and denied in part.

**I.    BACKGROUND**

This litigation stems from Keen's termination from his position as in-house counsel and executive officer at Bovie. Keen sought to recover his severance payment under his employment contract. Bovie contended that it did not owe Keen severance because of Keen's pre-termination conduct. Bovie also contended that it was damaged by Keen's post-termination conduct in deleting the contents of the hard drive of a laptop owned by Bovie.

Keen's amended complaint alleged seven claims against Bovie: (1) breach of contract, (2) breach of good faith and fair dealing, (3) unpaid wages, (4) violation of the Florida Whistleblower Act ("FWA"), (5) breach of agreement (specific performance), (6) contractual indemnification,

and (7) violation of ERISA. (Dkt. 34.)[1] Bovie filed seven counterclaims against Keen: (1) violation of the Computer Fraud and Abuse Act, (2) breach of fiduciary duty as to Keen's employment agreement, (3) breach of fiduciary duty as to Keen's deletion of the contents of the laptop hard drive, (4) conversion, (5) fraud in the inducement, (6) declaratory judgment, and (7) attorneys' fees under Florida Statute § 448.104.

Each party filed cross-motions for summary judgment. Bovie moved for summary judgment on its breach of fiduciary duty and declaratory judgment counterclaims, and Keen's breach of contract, unpaid wages, FWA, and ERISA claims. Keen moved for partial summary judgment on his breach of contract claim and for summary judgment on all of Bovie's counterclaims.

On May 7, 2013, the Court granted Bovie summary judgment on Keen's FWA and ERISA claims. The Court also granted Keen partial summary judgment on his breach of contract claim and summary judgment on Bovie's declaratory judgment counterclaim. The remaining claims and counterclaims were tried to a jury, which returned a verdict for Keen on his breach of contract and unpaid wages claims and against Bovie on its counterclaims. The jury awarded Keen damages in the amount of $622,500. The Court entered a judgment for the amount of damages and for specific performance of certain of the other contract provisions.

The parties each filed motions for attorneys' fees. In its motion, Bovie seeks attorneys' fees as the prevailing party on Keen's FWA claim under Florida Statute § 448.104. In his motion, Keen seeks attorneys' fees as the prevailing party under his employment agreement and as the prevailing party on his unpaid wages claim under Florida Statute § 448.108.

---

[1] Keen also alleged a claim for tortious interference with employment contract by Andrew Makrides, Bovie's Chief Executive Officer. However, the Court granted Bovie's motion to dismiss this claim against Makrides as well as Keen's breach of good faith and fair dealing claim against Bovie.

## II. STANDARD

The Court applies Florida law in determining whether to award attorneys' fees. *Bush v. Raytheon Co.,* 2009 WL 5128040, at *1 (M.D. Fla. Dec. 21, 2009); *James v. Wash Depot Holdings, Inc.,* 489 F.Supp.2d 1336, 1338 (S.D. Fla. 2007). However, the Court applies the federal lodestar method to calculate the amount of reasonable fees, which is the number of reasonable hours spent working on the case multiplied by a reasonable hourly rate. The party seeking fees bears the burden of establishing entitlement to the fees, and documenting hours and reasonable rates. *Norman v. Housing Auth. of the City of Montgomery,* 836 F.2d 1292, 1303 (11th Cir. 1988).

## III. BOVIE'S MOTION FOR ATTORNEYS' FEES

This Court granted summary judgment on Keen's FWA claim in favor of Bovie, because Keen failed to establish a *prima facie* case for retaliatory termination, which was based on his emails pertaining to Bovie's compliance with a federal social security statute and a California law. *Keen v. Bovie Med. Corp.*, 2013 WL 1899791, at **8-9 (M.D. Fla. May 7, 2013). Bovie seeks $113,090 in attorneys' fees as the prevailing party on Keen's FWA claim.

Florida Statute § 448.104 permits a court to award reasonable attorneys' fees to the prevailing party under the FWA. A fees award is not automatic but is left to the court's discretion. *Brady v. Santa Sweets, Inc.*, 2007 WL 1245894, *1 (M.D. Fla. Apr. 27, 2007).

Keen argues that because he prevailed on his breach of contract and unpaid wages claims at trial, Bovie's success in obtaining summary judgment on Keen's FWA claim is a "narrow victory" that does not make Bovie a prevailing party under § 448.104. Keen is essentially arguing that Bovie cannot be a prevailing party for the purposes of the FWA attorneys' fees provision without also prevailing on all of Keen's other claims. The Court rejects Keen's argument. An attorneys' fees award under § 448.104 applies to claims under the FWA, and Bovie prevailed on the FWA claim.

3

Keen also cites to one case where the defendant, despite obtaining summary judgment on the plaintiff's FWA claim, did not receive an attorneys' fees award under Florida Statutes § 448.104. *James v. Wash. Depot Holdings, Inc.*, 489 F. Supp. 2d 1336 (S.D. Fla. 2007). Keen suggests that the *James* court found that, because the plaintiff prevailed on the remaining claims at trial, the defendant was not a prevailing party for the purposes of the plaintiff's FWA claim. However, *James* never held that the defendant was not a prevailing party under § 448.104; rather, the *James* court simply exercised its discretion under § 448.104 to deny awarding fees to a prevailing party.

However, even if Bovie is a prevailing party under § 448.104, the Court still has discretion whether to award Bovie attorneys' fees. Bovie's motion for attorneys' fees fails to address why this Court should exercise its discretion to award fees. Bovie simply asserts that it is a prevailing party and requests attorney's fees in the amount of $113,090.[2] Courts have considered the following factors as guidance as to whether to award attorneys' fees to a prevailing party in a FWA case:

> (1) the scope and history of the litigation, including whether Plaintiff continued to prosecute the action despite the presence of an efficient resolution; (2) the parties' wealth disparity; (3) whether an award of fees would frustrate the Florida Whistleblower Act's remedial purpose by deterring worthy claimants; (4) whether the party's case was meritorious or frivolous; and (5) whether the opposing party acted in good or bad faith.

---

[2] Even if the Court were to exercise its discretion to award Bovie attorneys' fees, Bovie wholly failed to meet its burden of establishing entitlement to the amount of fees requested. As a few examples of how Bovie's motion was completely deficient: (1) the attorneys' billing entries—stating nothing more than "Analysis," "Communications," "Discovery," "Pleadings," "Research," "Strategize," "Travel," or a combination of these categories—fail to show the reasonableness of the time claimed; (2) Bovie provided no information about 4 of the 5 attorneys seeking fees; and (3) Bovie failed to address whether its attorneys' billing rates (ranging from $285.00 to $550.00 in 2013) were reasonable rates for the Middle District of Florida. Bovie's method for calculating fees is also baseless. Bovie calculated the amount of fees sought ($113,090.00) by starting with the amount of fees for time billed up to the Court's summary judgment order ($ 678,537.50) and dividing that number by 6 (the number of Keen's claims). However, Bovie fails to acknowledge that the $678,537.50 would also apply to the fees attributable to Bovie's 7 counterclaims, and thus dividing that number by 6 is baseless.

4

*Raytheon*, 2009 WL 5128040, at * 2 (citing *Blanco v. Transatlantic Bank,* 2009 WL 2762361, at *2 (S.D. Fla. 2009)).

Keen argues that though unsuccessful, his FWA claim had arguable merit. The Court agrees. Despite failing to establish a *prima facie* case of retaliation for purposes of summary judgment, the Court cannot conclude Keen's FWA claim was frivolous. Courts have declined to exercise their discretion to award fees despite finding that the plaintiff's FWA claim was meritless. *See New World Commc'ns of Tampa, Inc. v. Akre*, 866 So. 2d 1231, 1236 (Fla. 2d DCA 2003) (declining to exercise discretion to award fees even though the plaintiff's position lacked "legal merit from its inception"); *Barnhart v. Lamar Co., L.L.C.*, 2012 WL 5205877, at *2 (N.D. Fla. Oct. 22, 2012), *aff'd by Barnhart v. Lamar Adver. Co.*, 523 F. App'x 635, 639-41 (11th Cir. 2013). Further, while a finding that the plaintiff's claim was frivolous is not a prerequisite to awarding fees under the FWA, *Akre*, 866 So. 2d at 1236, it "may be a factor to consider in the court's exercise of its discretion." *Brady*, 2007 WL 1245894, at *1 (declining to award attorneys' fees to the defendant upon prevailing at summary judgment on the plaintiff's FWA claim). Nor can the Court conclude that, based on the record facts and procedural history of this case, Keen acted in bad faith by pursuing the FWA claim.

The Court is also mindful of the public policy behind the FWA. The FWA "establishes Florida's public policy in favor of promoting the disclosure of wrongdoing and the protection of those who make such disclosures, and while an award of fees to a prevailing [d]efendant is authorized by the statute, the same statute preserves the Court's discretion to withhold such awards when the granting of fees could be a disservice to the remedial purpose of the statute itself." *Bell v. Georgia-Pac. Corp.*, 2005 WL 161822, at *1 (M.D. Fla. July 6, 2005).

Given that Keen's FWA claim was neither frivolous nor pursued in bad faith, the Court declines to exercise its discretion to award attorneys' fees to Bovie under the FWA. Accordingly, Bovie's motion for attorneys' fees is denied.

## IV.     KEEN'S MOTION FOR ATTORNEYS' FEES

Keen seeks attorneys' fees as the prevailing party under his employment agreement and Florida Statutes § 448.08. (Dkt. 34, Ex. B ("The prevailing party to any dispute arising from or related to this Agreement shall be entitled to recovery of its reasonable attorneys' fees and court costs from the other party hereunder.")); Fla. Stat. § 448.08 ("The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."). Keen seeks to recover $460,492.00 for time expended by 14 attorneys, including himself, from 5 law firms: Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlop, P.A. ("Fisher Rushmer"), Johnson, Pope, Bokor, Ruppel & Burns LLP ("Johnson Pope"), Jill S. Schwartz & Associates ("Jill S. Schwartz"); Law Offices of Barry Rigby, P.A. ("Barry Rigby, P.A."); and Leonard Keen, P.A.:

| Law Firm | Name | Position | Rate | Hours | Total |
|---|---|---|---|---|---|
| Fisher Rushmer | Richard W. Smith | Shareholder | $250.00 | 618.00 | $154,500.00 |
| Fisher Rushmer | John E. Fisher | Shareholder | $250.00 | 5.50 | $1,375.00 |
| Fisher Rushmer | Stephanie V. Preston | Shareholder | $250.00 | 5.70 | $1,425.00 |
| Fisher Rushmer | Shawn T. Jewell | Associate | $200.00 | 297.40 | $59,480.00 |
| Fisher Rushmer | C.J. Bosco | Associate | $200.00 | 6.30 | $1,260.00 |
| Fisher Rushmer | Eric R. Elms | Associate | $200.00 | 11.60 | $2,320.00 |
| Fisher Rushmer | Sandi J. Kracht | Associate | $200.00 | 0.20 | $40.00 |
| Fisher Rushmer | Diane Fuller | Paralegal | $100.00 | 134.10 | $13,410.00 |
| Leonard Keen, P.A. | Leonard Keen | Attorney | $250.00 | 859.00 | $214,750.00 |

6

| | | | | | |
|---|---|---|---|---|---|
| Johnson Pope | Charles Buford | Attorney | $330.00 | 8.00 | $2,640.00 |
| Johnson Pope | Charles Buford | Attorney | $300.00 | 14.80 | $4,440.00 |
| Jill S. Schwartz | Nathan McCoy | Attorney | $300.00 | 4.50 | $1,350.00 |
| Jill S. Schwartz | Jill S. Schwartz | Attorney | $385.00 | 5.20 | $2,002.00 |
| Barry Rigby, P.A. | Barry Rigby | Attorney | $300.00 | 5.00 | $1,500.00 |
| | | | **TOTAL** | **1975.30** | **$460,492.00** |

### A. Attorneys' fees for Keen's own participation in the litigation

Bovie does not dispute that Keen is a prevailing party entitled to attorneys' fees. Instead, Bovie argues that Keen is not entitled to recover attorneys' fees for any time that Keen personally spent on the litigation. Keen contends that he should recover $214,750 in attorneys' fees because his "600+ detailed time entries for his legal work in this case . . . . speak for themselves and clearly show the significant legal contributions he made." (Dkt. 222.)

#### 1. *Maulden v. Corbin*

Bovie relies on a First District Court of Appeal case, *Maulden v. Corbin*, as support for its argument that Keen cannot recover attorneys' fees for his own time. 537 So. 2d 1085 (Fla. 1st DCA 1989). In that case, the attorney-litigant (Corbin) initially represented himself in a lawsuit brought against him by his former client (Maulden).[3] After representing himself in the litigation for two years, Corbin hired outside counsel (Green), who obtained a final judgment several months later. *Id.* at 1087.

---

[3] Maulden sued Corbin because she disputed the amount of attorneys' fees she owed him after he represented her in her divorce proceedings. Maulden brought a claim for declaratory judgment as to the amount of fees owed, and Corbin filed counterclaims for, *inter alia*, breach of contract, unpaid wages, and conversion.

7

After he prevailed in the litigation, Corbin sought attorneys' fees for Corbin's own time and for Green's time.[4] In support of his attorneys' fees motion, Corbin submitted attorney affidavits attesting that $7,000 was a reasonable fee for Corbin's services and $8,000 to $10,300 was reasonable for Green's services. The trial court awarded a total of $15,000 in attorneys' fees. On appeal, the First District Court of Appeal reversed, finding that Corbin could not be compensated for his own time once he hired outside counsel:

> We are of the opinion that the attorney fee awarded Corbin must be apportioned, for several reasons. We find that Corbin is entitled to a fee for representing himself, but only until he engaged Green to represent him, at which point Corbin became a client. Neither the contract between the parties nor any statutory provision authorizes reimbursement of a litigant, who is represented by counsel, for his *own* participation in the litigation in addition to payment of his attorney's fee.

*Id*. at 1087; *see also id.* (holding that "Corbin cannot be compensated for his time after hiring Green," such as the "6 hours in the FSU Law Library with Green").

Keen first argues that *Maulden* is factually distinguishable because, unlike Keen, the *Maulden* attorney-litigant hired outside counsel after initially representing himself. This is a distinction without a difference. Nothing in *Maulden* indicates that its ruling would change depending on whether the attorney-litigant initially, or subsequently, hired outside counsel. Next, Keen argues that *Maulden* does not announce a *per se* rule and that *Maulden* would be different if the court had considered whether the attorney-litigant provided significant legal services during the time that he was a client. The Court disagrees. *Maulden* held that: (1) the attorney-litigant could not recover fees once he became a client, and (2) the attorney-litigant became a client once he hired outside counsel. Nothing in *Maulden* suggests that there would be an exception where the attorney-litigant is a client but also provided significant legal services.

---

[4] Corbin sought attorneys' fees pursuant to a provision of a contract. *Maulden* does not clarify what the attorneys' fee provision clause stated.

As support for his argument that he can recover for his own time, Keen cites to cases holding that a *pro se* attorney-litigant may recover legal fees for representing himself just as if he had hired outside counsel. However, these cases do not support Keen's position because they address the situation where an attorney-litigant represents himself without outside counsel. They do not address the situation here, where an attorney-litigant has outside counsel—*i.e.*, the attorney-litigant is not *pro se*. In fact, *Maulden* aligns with those cases because it held that Corbin, the attorney-litigant, could recover for his own time while he had no outside counsel.

### 2. The Miller Decisions: Miller I and Miller II

Both parties cite to a Fourth District Court of Appeal case, *Transflorida Bank v. Miller,* 576 So. 2d 752 (Fla. 4th DCA 1991) ("*Miller I*"), as support for their respective positions:

> Additionally, upon remand the trial court should closely examine the attorney's fee awarded for the time appellee [Miller] expended individually for his legal efforts. Fees for the appellee attorney's own services are to be limited to actual legal services and not awarded for time expended in his capacity as a client. Care must also be taken to avoid duplication of compensation between appellee and his counsel.

*Id.* at 753-54. The reason why the same three sentences could be cited as support for opposite positions is because *Miller I* provides no context for its ruling. *Miller I* was primarily focused on a different issue (whether the trial court erroneously applied a contingency risk multiplier in computing the amount of fees awarded under Florida Statutes § 57.105(1)). Nothing in *Miller I* indicates whether the attorney-litigant was recovering for his own time while he also had outside counsel.

The Court's own research led it to the later case, *Miller v. Transflorida Bank*, 656 So. 2d 1364 (Fla. 4th DCA 1995) ("*Miller II*"), which neither Bovie nor Keen cited. *Miller II* provided the context that *Miller I* omitted. Specifically, *Miller II* clarified that: (1) *Miller I* was in fact referring to a situation where the attorney-litigant sought attorneys' fees not only for the time spent

9

by his outside counsel but also for the time spent by the attorney-litigant himself while outside counsel was employed, and (2) *Miller I* instructed the trial court, on remand, to award the attorney-litigant fees for his own time spent on "actual legal services" but not for his time spent "in his capacity as a client." *Miller II*, 656 So. 2d at 1365.

*Miller II* explained that, on remand, the trial court conducted four hearings over the course of more than a year, after which it entered an amended judgment awarding attorneys' fees for the attorney-litigant's time, as well as his outside counsel's time, spent on the trial and appeal.[5] Although the trial court found it extremely difficult to categorize when the attorney-litigant's input was that of an attorney as opposed to that of a client, the trial court ultimately found that the attorney-litigant had spent 6 hours of time acting as co-counsel on his trial and 6 hours on his appeal:

> Reasonable attorney fees to be awarded to the Defendant, A. Matthew Miller for acting as his own co-counsel at both the trial level and on appeal has been extremely difficult. The evidence presented shows that Mr. Miller is a very successful attorney in his own right; however, the expert witnesses who were called to testify by each of the parties as to Mr. Miller's participation in this case as his own co-counsel as opposed to just a client, have been diametrically opposed. One expert testified Mr. Miller invested considerable attorney time in this case, and is entitled to a sizeable fee; while the other expert testified that Mr. Miller in reality only acted as a client and would be entitled to no fee. It is of course a very difficult line to draw as to whether when the client is in fact the lawyer himself, whether his input in the case should be considered as that of the client, or as that of the lawyer. In this case the Court finds that based upon the evidence presented, including the testimony of Mr. Miller, that Mr. Miller did put some time into both the trial level and the appeal as an attorney, and not just a client. Further the Court finds that a reasonable rate of $200.00 per hour, that Mr. Miller reasonably invested 6 hours of attorney time at the trial level, and 6 hours attorney time on the appeal. Therefore the Court finds that a reasonable attorney fee for Mr. Miller's services at the trial level is $1,200.00; and the Court also finds that a reasonable fee for Mr. Miller's services on the appeal would be $1,200.00.

---

[5] The trial court awarded fees for 50 hours of the outside counsel's time spent on the appeal. The trial court also awarded fees for the outside counsel's time spent on the trial, but it is unclear how much time was compensated.

*Miller II*, 656 So. 2d at 1365-66. The plaintiff appealed the attorneys' fees awarded to the attorney-litigant, arguing that "the trial court failed to make adequate findings concerning the time he and his attorney spent on this case." *Id.* at 1366. The *Miller II* court affirmed, stating that the above excerpt of the trial court's findings "dispenses with such argument." *Id.*

### 3. Analysis

*Maulden* and *Miller* agree that an attorney-litigant's time spent in his capacity as a client cannot be compensated. *Maulden*, 537 So. 2d at 1087 ("Corbin is entitled to a fee for representing himself, but only until . . . Corbin became a client"); *Miller I*, 576 So. 2d at 754 ("Fees for the appellee attorney's own services are . . . not awarded for time expended in his capacity as a client."). Thus, the issue of whether an attorney-litigant can recover for his participation in his own case turns on whether he acted as a client (in which case fees may not be awarded for his time) or as an attorney (in which case fees may be awarded for his time). However, *Maulden* and *Miller* disagree on the method for determining whether an attorney-litigant acted as a client or an attorney.

*Maulden* takes a temporal approach, defining "client" by the point at which the attorney-litigant hires outside counsel: if an attorney-litigant represents himself without outside counsel, he is acting in his capacity as his own attorney; but, if an attorney-litigant has hired outside counsel, he is acting in his capacity as a client. Under the *Maulden* approach, once Keen hired outside counsel, he became a client and his participation in his case was time expended in his capacity as a client and therefore unrecoverable. Although Keen suggests that *Maulden* does not apply where the attorney-litigant provided significant legal contributions to the litigation, as discussed above, a plain reading of *Maulden* does not support Keen's proposition.

However, *Miller* appears to define "client" by the nature or type of input provided by the attorney-litigant: if an attorney-litigant provides "actual legal services" (even if he has also hired

11

outside counsel), he is acting in his capacity as his own attorney. *Miller* implies that, if an attorney-litigant is not performing legal work, he is acting in his capacity as a client. *Miller* would seem to require that the Court go through each of Keen's billing entries to determine whether the task can be categorized as legal input provided by an attorney or non-legal input provided by a client. In asserting that "600+ detailed time entries for his legal work in this case . . . . speak for themselves and clearly show the significant legal contributions he made," Keen apparently believes that all of his submitted billing entries are recoverable legal services.

The Court declines to follow *Miller*. The reality is that the same task could constitute legal work or legal services if done by an attorney and could also be categorized as non-legal input if performed by a client. For example, a client may: (1) discuss litigation strategy with his attorney, (2) search and provide documents to his attorney in response to discovery requests, and (3) review and revise motions to be filed with the court. However, these same tasks may be performed by attorneys in their role as counsel to their clients.

The following entries, selected from Keen's and his outside counsel's (Richard Smith) billing records, demonstrate the problems and show the same time being simultaneously billed as time expended in Keen's capacity as an attorney and time expended in Keen's capacity as a client:

| Date | Name | Billing Entry | Time |
|---|---|---|---|
| *4/17/2012* | *Keen* | *Attending phone conference with Attorney Smith regarding case management and litigation strategy* | *0.50* |
| 4/17/2012 | SMITH | TELEPHONE CONFERENCE WITH CLIENT TO DISCUSS CASE MANAGEMENT [SIC] AND SCHEDULING REPORTS, DISCOVERY, WITNESSES, AND EXHIBITS | 0.60 |
| *4/23/2012* | *KEEN* | *Attending phone conference with Attorney Smith regarding Initial Disclosures and pre-trial strategy* | *0.30* |
| 4/23/2012 | SMITH | TELEPHONE CONFERENCE WITH CLIENT AS TO CASE MANAGEMENT REPORT | 0.20 |

| 7/16/2012 | Keen | *Preparing for and attending phone conference with Attorney Smith regarding discovery issues and strategy* | 0.70 |
|---|---|---|---|
| 7/16/2012 | SMITH | TELEPHONE CONFERENCE WITH CLIENT TO DISCUSS WITNESSES TO DEPOSE AND COMPARISON OF EMPLOYMENT AGREEMENTS | 1.50 |
| 8/20/2012 | Keen | *Attending phone conference with Attorney Smith re discovery, depositions and litigation strategy* | 0.90 |
| 8/20/2012 | SMITH | TELEPHONE CONFERENCE WITH CLIENT TO DISCUSS DEPOSITIONS, DISCOVERY RESPONSES TO SECOND REQUEST TO PRODUCE, MOTION TO SEAL RECORDS, PRODUCTION OF COMPUTER/PHONES, AND MENTAL HEALTH RECORDS | 1.80 |
| 9/28/2012 | KEEN | *Attending phone conference with Attorney Smith regarding Order on Defendant's Motion to Dismiss (Doc. 41) and Plaintiff's Opposition (Doc. 44) after reviewing said Order* | 0.20 |
| 9/28/2012 | SMITH | TELEPHONE CONFERENCE WITH CLIENT REGARDING COURT'S ORDER | 0.90 |
| 10/12/2012 | Keen | *Attending telephone conference with Attorney Smith regarding strategy for depositions, further discovery disputes and revisions to correspondence by Attorney Keen to opposing counsel* | 0.20 |
| 10/12/2012 | SMITH | TELEPHONE CONFERENCE WITH CLIENT REGARDING SARON DEPOSITION | 0.40 |

(Dkt. 206, Exs. B and D.)

The Court believes that *Maudlin*, which defines client by the point in time that the attorney-litigant hires outside counsel, provides the better approach. Once Keen hired outside counsel (which was from the outset of litigation), he became a client and his subsequent participation in the litigation was done in his capacity as a client. Thus, Keen's time spent discussing strategy with his outside counsel, for example, is not recoverable because that time was spent by Keen in his capacity as a client.

13

Accordingly, the Court denies Keen's motion for attorneys' fees to the extent that Keen seeks to recover $214,750.00 in fees for the 859 hours spent in his capacity as a client.

### B.     Reasonableness of Outside Counsel's Attorneys' Fees

As for Keen's outside counsel, Bovie argues that Keen has not established that spending over 1,100 hours is a reasonable amount of time to spend on the litigation.

#### 1.     *The Fisher Rushmer firm*

Keen meets his burden of establishing his entitlement to the fees for the work performed by the attorneys and paralegal at the Fisher Rushmer law firm, who were trial counsel in this case. Keen's motion for attorneys' fees provides an affidavit attesting to the experience, skill, or education of the attorneys and paralegal, and attesting to the reasonableness of their hourly rates and number of hours charged. Further, the billing entries provide sufficient detail to determine the nature of the work done for the time claimed. *See Norman,* 836 F.2d at 1303.

The Court also finds that the hourly rates are reasonable. As for the reasonableness of the number of hours, Bovie's global objection to the number of hours—without identifying any particular reason why that amount of time is unreasonable—is insufficient, and the Court declines to reduce the amount of time where Bovie wholly fails to explain a basis for doing so. The Court therefore grants Keen's motion to the extent that Keen is awarded $233,810.00 in fees for the 1,078 hours spent by the attorneys and paralegal of the Fisher Rushmer law firm on this case.

#### 2.     *Attorneys Buford, McCoy, Schwartz, and Rigby*

However, Keen's motion for attorneys' fees falls somewhat short as to attorneys Buford, McCoy, Schwartz, and Rigby. Keen's motion provides no information regarding the experience, skill, or education of the attorneys, and no affidavit attesting to the reasonableness of their hourly rates. Without this information, the Court finds that $200.00 is a reasonable hourly rate for Buford, McCoy, Schwartz, and Rigby.

14

As for the reasonableness of the amount of hours, Buford, McCoy, Schwartz, and Rigby's billing entries provide sufficient detail to determine the nature of their work and the time spent. As before, Bovie's global objection to the number of hours is insufficient. The billing entries indicate that the amount of time spent on this case was reasonable and the amount of time will be approved. The Court therefore grants Keen's motion to the extent that Keen is awarded fees for 37.5 hours spent by Buford, McCoy, Schwartz, and Rigby at an hourly rate of $200.00.

C.   **Summary**

In summary, the Court grants Keen's motion for attorneys' fees to the extent that it awards Keen attorneys' fees at the hourly rates and number of hours as set forth below:

| Law Firm | Name | Position | Rate | Hours | Total |
|---|---|---|---|---|---|
| Fisher Rushmer | Richard W. Smith | Shareholder | $250.00 | 618.00 | $154,500.00 |
| Fisher Rushmer | John E. Fisher | Shareholder | $250.00 | 5.50 | $1,375.00 |
| Fisher Rushmer | Stephanie V. Preston | Shareholder | $250.00 | 5.70 | $1,425.00 |
| Fisher Rushmer | Shawn T. Jewell | Associate | $200.00 | 297.40 | $59,480.00 |
| Fisher Rushmer | C.J. Bosco | Associate | $200.00 | 6.30 | $1,260.00 |
| Fisher Rushmer | Eric R. Elms | Associate | $200.00 | 11.60 | $2,320.00 |
| Fisher Rushmer | Sandi J. Kracht | Associate | $200.00 | 0.20 | $40.00 |
| Fisher Rushmer | Diane Fuller | Paralegal | $100.00 | 134.10 | $13,410.00 |
| Leonard Keen, P.A. | Leonard Keen | Attorney | $250.00 | 0.00 | $0.00 |
| Johnson Pope | Charles Buford | Attorney | $200.00 | 8.00 | $1,600.00 |
| Johnson Pope | Charles Buford | Attorney | $200.00 | 14.80 | $2,960.00 |
| Jill S. Schwartz | Nathan McCoy | Attorney | $200.00 | 4.50 | $900.00 |
| Jill S. Schwartz | Jill S. Schwartz | Attorney | $200.00 | 5.20 | $1,040.00 |
| Barry Rigby, P.A. | Barry Rigby | Attorney | $200.00 | 5.00 | $1,000.00 |
| | | | | **1116.30** | **$241,310.00** |

## V. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that:

A. Defendant Bovie Medical Corporation's motion for attorneys' fees (Dkt. 205) is **DENIED**.

B. Plaintiff Leonard Keen's motion for attorneys' fees (Dkt. 206) is **GRANTED IN PART AND DENIED IN PART**: the Court grants the motion to the extent that the Court awards Keen $241,310.00 in attorneys' fees; otherwise the motion is denied.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of January, 2014.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record