**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LEONARD KEEN,
          Plaintiff,

Case No. 8:12-cv-305-T-24-EAJ

v.

BOVIE MEDICAL CORPORATION,
          Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff Leonard Keen's Motion for Attorneys' Fees (Dkt. 225), which Defendant Bovie Medical Corporation opposes (Dkt. 226).

**I.     BACKGROUND**

This litigation stems from Keen's termination from his position as in-house counsel and executive officer at Bovie. Seeking to recover his severance payment under his employment contract, Keen filed a complaint against Bovie alleging, *inter alia*, a breach of contract claim and an unpaid wages claim under Florida Statute § 448.108. Bovie filed several counterclaims. The case proceeded to trial, after which the jury awarded Keen damages in the amount of $622,500.

Keen filed a motion for attorneys' fees, as the prevailing party under his employment agreement and under Florida Statute § 448.108. (Dkt. 206.) In his motion, he sought to recover for time spent by his outside counsel, as well as time spent by Keen himself. The Court denied Keen's motion as to his request for fees for time spent himself while he was represented by outside counsel. (Dkt. 223.)

On September 16, 2013, Bovie filed a notice of appeal with the Eleventh Circuit. On December 12, 2013, Bovie filed a motion to withdraw appeal, which the Eleventh Circuit

construed as a motion to dismiss the appeal with prejudice.[1] (Dkt. 224.) On January 28, 2014, Keen filed a motion for appellate attorneys' fees (Dkt. 225, Ex. A), which Bovie opposed. The Eleventh Circuit issued an order granting Bovie's motion to dismiss with prejudice and granting Keen's motion for attorneys' fees as to entitlement but remanding to this Court the matter of determining the reasonable amount of appellate attorneys' fees to be awarded. (Dkt. 225, Ex. B.)

Upon remand, Keen filed a motion for attorneys' fees with this Court, requesting a total of $5,550 in fees incurred on appeal: $2,400 for time spent by Keen himself, and $3,150 for time spent by three attorneys from Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlop, P.A.:

| Law Firm | Name | Position | Rate | Hours | Total |
|---|---|---|---|---|---|
| Fisher Rushmer | Richard W. Smith | Shareholder | $250.00 | 6.8 | $1,700.00 |
| Fisher Rushmer | Jamie B. Moses | Shareholder | $250.00 | 0.2 | $50.00 |
| Fisher Rushmer | Shawn T. Jewell | Associate | $200.00 | 7.0 | $1,400.00 |
| Leonard Keen, P.A. | Leonard Keen | Attorney | $250.00 | 9.60 | $2,400.00 |
| | | | TOTAL | 23.60 | $5,550.00 |

(Dkt. 225.) Keen provides Richard Smith's affidavit attesting to the reasonableness of the hourly rates and time spent by the Fisher Rushmer attorneys, and Keen's affidavit attesting to the reasonableness of his rate and time. (Dkt. 225, Ex. C, Ex. D.) In response, Bovie argues that Keen's request for attorneys' fees should be reduced. (Dkt. 226.)

## II.    DISCUSSION

The lodestar method is the accepted means to determine a reasonable award of attorneys' fees. *Resolution Trust Corp. v. Hallmark Builders, Ins.*, 996 F.2d 1144, 1149-50 (11th Cir. 1993). The lodestar is the number of hours reasonably expended in the legal work on the case, multiplied by a reasonable hourly rate for the services. *Atlanta Journal v. City of Atlanta*, 442 F.3d 1283, 1289 (11th Cir. 2006).

---

[1] Bovie made two attempts at filing a motion to dismiss the appeal in November 2013.

Bovie argues that Keen cannot recover fees for his own time because Keen had outside counsel at all times during the appeal. The Court agrees. In its prior order on Keen's motion for attorneys' fees (Dkt. 223), the Court ruled that Keen could not recover fees for time spent by Keen himself while he was represented by outside counsel. For the reasons explained in that order, the Court denies Keen's request for attorneys' fees as to his own time spent on the appeal.

Bovie also argues that the requested fees for the 14 hours billed by the Fisher Rushmer attorneys should be reduced.[2] First, Bovie argues that the Court should not award fees for time spent strategizing on collection options because Bovie promptly paid the judgment and fees. The Court rejects this argument because Bovie provides no affidavit attesting to its prompt payment such that any time spent on collection issues would be unreasonable. Next, Bovie argues that no fees should be awarded for any time entry after Bovie filed its motion to withdraw its appeal because all subsequent work incurred was unnecessary and unreasonable. However, the Court is not persuaded that any time spent after an appellant files its motion to withdraw its appeal but before the appeal is dismissed is, as a blanket rule, unreasonable. The Court therefore declines to reduce the Fisher Rushmer attorneys' hours on this basis.

Further, Bovie asserts that no fees can be awarded for any time spent preparing Keen's motion for attorneys' fees. In Florida, "attorney's fees incurred for litigating entitlement to fees are recoverable, but fees incurred for litigating the fee amount are not." *Ruderman ex rel. Schwartz v. Washington Nat'l Ins. Corp.*, 465 F. App'x 880, 882 (11th Cir. 2012) (citing *State Farm Fire & Cas. Co. v. Palma,* 629 So. 2d 830, 833 (Fla.1993)); *Nat'l Portland Cement Co. v. Goudie*, 718 So. 2d 274, 275 (Fla. 2d DCA 1998). Upon review of the Fisher Rushmer attorneys' time entries,

---

[2] Bovie does not object to the reasonableness of the hourly rates of the Fisher Rushman attorneys. Based on its understanding of the prevailing market rate, the Court finds that they are reasonable.

Case 8:12-cv-00305-SCB-EAJ Document 227 Filed 07/07/14 Page 4 of 4 PageID 8298

the Court finds that 1.3 hours were spent on establishing the amount of attorneys' fees.[3] Thus, 1.3 hours will be subtracted from the 14 hours requested.

In summary, the Court grants Keen's motion for attorneys' fees to the extent that it awards Keen attorneys' fees at the hourly rates and number of hours as set forth below:

| Law Firm | Name | Position | Rate | Hours | Total |
|---|---|---|---|---|---|
| Fisher Rushmer | Richard W. Smith | Shareholder | $250.00 | 6.8 | $1,700.00 |
| Fisher Rushmer | Jamie B. Moses | Shareholder | $250.00 | 0.2 | $50.00 |
| Fisher Rushmer | Shawn T. Jewell | Associate | $200.00 | 5.7 | $1,140.00 |
| | | | | 12.7 | $2,890.00 |

### III. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff Leonard Keen's motion for attorneys' fees (Dkt. 225) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted to the extent that Keen is awarded $2,890.00 in attorneys' fees; otherwise it is denied.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of July, 2014.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record

---

[3] *See* Dkt. 225, Ex. D (Jewells' January 21, 2014 entry for 0.8 hours and April 18, 2014 entry for 0.5 hours).

4